CLERKS COPY

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 0 4 1999

Robert M. March
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FLORENCIO ZAMORA,

Applicant,

v.  No. CIV-98-0777 MV/DJS

JOE WILLIAMS, et al.,

Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte to consider the following pending motions filed by Applicant: for appointment of counsel (Doc. #3) filed June 25, 1998; to allow late filing (Doc. #4) filed June 25, 1998; for appointment of counsel (second) (Doc. #12) filed August 19, 1998; for hearing (Doc. #15) filed December 14, 1998; for appointment of counsel (third) (Doc. #16) filed December 14, 1998; and to correct certificate of mailing (Doc. #19) filed December 28, 1998.

The motions for appointment of counsel will be denied at this time. Appointment of counsel in § 2254 proceedings is not matter of right. *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Factors the Court weighs when considering a motion for appointment of counsel include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Accordingly, the Court having reviewed the application in light of the foregoing factors finds that Applicant understands the issues in the case and appears to be representing himself in an intelligent and



capable manner.

The motion to allow late filing will be denied.[1] Although the statutory limitation period in § 2244 may be subject to tolling, *United States v. Glover*, 156 F.3d 1244 (Table, text in Westlaw), 1998 WL 544406 (10th Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.) (limitation period in § 2244(d) subject to equitable tolling), *cert. denied*, --- U.S. ---, 119 S.Ct. 210 (1998); *cf. Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir.), *reh'g and reh'g en banc denied* (1998), the Court has no authority to extend statutory limitations periods in advance. *United States ex rel. Tennessee Valley Auth. v. Easement and Right-of-Way over Certain Land in Cumberland County, Tenn.*, 386 F.2d 769, 771 (6th Cir. 1967), *cert. denied sub nom. Skaggs v. United States*, 390 U.S. 947 (1968); *Hammons v. Int'l Playtex, Inc.*, 676 F. Supp. 1114, 1118 (D. Wyo. 1988), *vacated on other grounds*, 872 F.2d 963 (10th Cir. 1989); *Parker v. Marcotte*, 975 F. Supp. 1266, 1269 (C.D. Cal. 1997); *but see Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1285, 1289 (9th Cir. 1997) (affirming anticipatory tolling of limitation period in § 2244) (cited with approval in *Miller*, 141 F.3d at 978), *cert. denied*, --- U.S. ---, 118 S.Ct. 899, and --- U.S. ---, 118 S.Ct. 1389, *overruled on other grounds*, --- F.3d ---, 1998 WL 848032 (9th Cir. 1998) (*en banc*); *petition for cert. filed* (U.S. Jan 04, 1999) (No. 98-1082). The motion will be denied.

The motion to correct certificate of mailing requires no action by the Clerk and will be denied as moot. If a question arises as to service of the pertinent documents, the motion will be treated as an *errata* notice. The motion for hearing will also be denied at this time.

IT IS THEREFORE ORDERED that Applicant's motion to correct certificate of mailing

---

[1] No opinion is expressed or implied herein on the question of the timeliness of the § 2254 application.

2

(Doc. #19) filed December 28, 1998 is DENIED as moot; and the motions for appointment of counsel (Doc. #3) filed June 25, 1998; to allow late filing (Doc. #4) filed June 25, 1998; for appointment of counsel (second) (Doc. #12) filed August 19, 1998; for hearing (Doc. #15) filed December 14, 1998; and for appointment of counsel (third) (Doc. #16) filed December 14, 1998, are DENIED.

_____
UNITED STATES DISTRICT JUDGE